**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE OF GREENE STREET FUNDING TRUST II,<br>*Plaintiff,*<br><br>v.<br><br>PEER MANAGEMENT INC.,<br>*Defendant.* | NO: |

**COMPLAINT**

Plaintiff, U.S. Bank Trust National Association, not in its individual capacity but solely as trustee of Greene Street Funding Trust II, by and through its undersigned counsel, hereby complains against Defendants as follows:

**I. PARTIES, JURISDICTION AND VENUE**

1. The Plaintiff is U.S. Bank Trust National Association, not in its individual capacity but solely as trustee of Greene Street Funding Trust II ("Plaintiff"), with an address in care of RF Mortgage Services Corporation, 550 W. Adams Street, Suite 950, Chicago, IL 60661**.**

2. Defendant, Peer Management, Inc. ("Peer" or "Mortgagor"), is a corporation incorporated under the laws of the Commonwealth of Pennsylvania, and has a registered address of 10024 Ferdale Street, Floor 1, Philadelphia, PA 19116 and Peer has an interest in the three real properties situated in the Commonwealth of Pennsylvania and City of Philadelphia herein described below:

- 5314 Grays Avenue, Philadelphia, PA 19143, Parcel ID Number *51-2-1110-00*.
- 306 East Queen Lane, Philadelphia, PA 19144, Parcel ID Number *12-1-1265-00.*

- 2635 Deacon Street, Philadelphia, PA 19129, Parcel ID Number *38-2-0523-00*.

(collectively these are hereinafter referred to as the "Properties" or the "Mortgaged Premises"). Peer is the mortgagor and real owner of the real Property hereinabove described.

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, and is between citizens of different states.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(a), as the cause of action arose here and the Property that is the subject of this action is situated here.

## II. FACTS

5. On or about June 2, 2022, in consideration of a loan in the principal amount of $373,500.00, Peer executed and delivered to RFLF 7, LLC, a note (the "Note"). A true and correct copy of the Note is attached hereto and marked as Exhibit "A" and made a part hereof.

6. To secure the obligations under the Note, Peer executed and delivered to RFLF 7, LLC a mortgage dated June 2, 2022, and recorded June 22, 2022, in the Office of the Recorder for Philadelphia County, as Instrument Number 54059973 (the "Mortgage"). A true and correct copy of the Mortgage is attached hereto and marked as Exhibit "B" and made a part hereof.

7. The Mortgage secures the following three separate Mortgaged Premises:

- 5314 Grays Avenue, Philadelphia, PA 19143, Parcel ID Number *51-2-1110-00*.

- 306 East Queen Lane, Philadelphia, PA 19144, Parcel ID Number *12-1-1265-00.*
- 2635 Deacon Street, Philadelphia, PA 19129, Parcel ID Number *38-2-0523-00*.

True and correct copies of the legal descriptions of the Mortgaged Premises are attached collectively hereto and marked as Exhibit "C" and made a part hereof.

9. The Plaintiff, directly or through an agent, has possession of the Note, which has been duly endorsed. Therefore, the Plaintiff has the right to enforce the Note.

10. The Plaintiff is the proper party by way of an Assignment of Mortgage (the "Assignment"), dated April 14, 2026, and recorded in the Recorder of Deeds for Philadelphia County on April 15, 2026, as Document ID Number 54541034. A true and correct copy of the Assignment of Mortgage is attached hereto and marked as Exhibit "D."

11. Peer is the record and real owner of the Mortgaged Premises.

## COUNT I
## MORTGAGE FORECLOSURE
## PLAINTIFF v. PEER

12. The allegations of paragraph 1 through 11 are incorporated herein as though set forth at length.

13. The Note and the Mortgage are in default because the monthly payments due July 1, 2025, and thereafter have not been paid. As a result, the entire principal balance and all interest due thereon have become due and payable with late charges, escrow deficit, and all costs of collection including, but not limited to, title search fees and reasonable attorney's fees.

14. As of August 4, 2026, the following amounts are due on the Mortgage and Note:

| | |
|---|---|
| Unpaid Principal Balance | $360,172.60 |
| Interest (Good Through August 31, 2026) | $28,588.70 |
| Cumulative Late Charges | $1,162.05 |
| Appraisal Fee | $315.00 |
| Title Costs | $1,385.00 |
| FC Fees | $3,266.13 |
| Default Interest from 7/12/2025 to 8/31/2026 | $72,223.11 |
| Escrow Reserve Balance | $5,618.88 |
| Maturity Default Rate Interest | $2,841.44 |
| Default Interest | $5,499.09 |
| Prepayment Penalty | $3,601.73 |
| Lien Release Fee | $250.00 |
| Wire Fee | $10.00 |
| Other Fees | $466.48 |
| **Total Amount Due** | **$485,400.21** |
| **** Non-Interest Bearing*** | |

The current interest rate is 24.0%. *Per diem* interest in the amount of $240.12 will accrue on the principal unless there is an interest rate change as set forth in the Note.

15. Pennsylvania laws Act 6 of 1974 and Act 91 of 1982 are not applicable as this action involves a commercial loan. Notice of default as required by the terms of the Mortgage have been sent to the Defendants. Copies of the Notices, redacted to remove confidential account information, are attached hereto and marked as Exhibit "E" and made a part hereof.

**WHEREFORE**, the Plaintiff requests judgment against Defendant Peer under Count I in the sum of **$485,400.21**, together with interest, costs (including additional escrow advances), and additional attorney's fees and costs, and for United States Marshall's foreclosure sale of the Mortgaged Premises.

**COUNT II**
**BREACH OF CONTRACT**
**PLAINTIFF v. PEER**

16. Plaintiff incorporates by reference paragraphs 1 through 15 as though set forth at length.

17. By virtue of the default of Peer under the subject Mortgage/Note obligation, Plaintiff is entitled to the entry of an *in personam* money judgment against Peer for the total amounts due and owing set forth herein, **$485,400.21.**

**WHEREFORE**, Plaintiff demands judgment against Peer under Count II in the sum of **$485,400.21** together with interest from June 1, 2025, at the rate set forth in the Note through the date of judgment, and other costs and charges collectible under the Note.

Respectfully submitted,

Date: August 19, 2026

/s/ Stephen M. Hladik

Stephen M. Hladik, Esq., ID No. 66287
Robert W. Williams, Esq., ID No. 315501
298 Wissahickon Avenue
North Wales, PA 19454
(215) 855-9521
shladik@hoflawgroup.com
rwilliams@hoflawgroup.com
*Attorneys for Plaintiff*